## UNITED STATES *v.* FIELD & Co. (No. 2759)[1]

BOOKS—DAMASK, BOUND BOOK-FASHION.

Pieces of damask, bound book-fashion, are not "books" within the second clause of paragraph 1310, Tariff Act of 1922. *United States* v. *Field & Co.*, 14 Ct. Cust. Appls. 376, T. D. 42031. They are table damask, under paragraph 1013. The term book necessarily implies an entity which can not be reduced to its original elements without destroying the commercial usefulness of the materials out of which the book is directly made.

### United States Court of Customs Appeals, March 9, 1927

APPEAL from United States Customs Court, Abstract 51237

[Reversed.]

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.
*James W. Bevans* for appellee.

[Oral argument October 5, 1926, by Mr. Carter and Mr. Bevans]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Five damask linen pieces of cloth, 27½ inches long by 17½ inches wide, fastened together in a binding made of pasteboard, paper, and cloth, imported at the port of Chicago, were assessed by the collector of customs for duty at 40 per centum ad valorem under paragraph 1013 of the Tariff Act of 1922, which reads as follows:

1013. Table damask composed wholly or in chief value of vegetable fiber other than cotton, and manufactures composed wholly or in chief value of such damask, 40 per centum ad valorem.

---

[1] T. D. 42051.

The importer protested that the goods were books dutiable at 25 per centum ad valorem under that part of paragraph 1310 of the Tariff Act of 1922 which reads as follows:

1310. Unbound books of all kinds, bound books of all kinds except those bound wholly or in part in leather * * * and printed matter, all the foregoing not specially provided for, if of bona fide foreign authorship, 15 per centum ad valorem; *all other, not specially provided for, 25 per centum ad valorem.* * * * (Italics not quoted.)

The Board of General Appraisers sustained the protest and the Government appealed.

The court is of the opinion that the term "book" necessarily implies an entity which can not be reduced to its original elements without destroying the commercial usefulness of the materials out of which the book is directly made.

Articles of cloth or pieces of cloth available for the manufacture of articles of cloth, bound together in such a way that they can be removed from the binding without substantial injury and restored to their original condition as articles of cloth or as pieces of cloth from which an article or articles of cloth can be made, do not constitute a book within the meaning of that part of paragraph 1310 upon which the importer relies. *United States* v. *Field & Co.*, 14 Ct. Cust. Appls. 376, T. D. 42031.

Cloth or articles of cloth whose identity as commercial cloth or articles of cloth has not been destroyed by binding them together and which may be released from the binding without impairing their commercial usefulness, must be regarded as retaining the classification which they had before they were bound. The bound linen damask in this case can be readily removed from the binding without injuring any portion of the cloth other than the three-quarters of an inch thereof nearest both ends, and when removed is suitable for the making of small articles of linen damask.

If the importer's contention be correct, then finished or unfinished damask napkins and finished or unfinished linen towels and hand-kerchiefs, bound to a binding with small wire staples would have to be admitted as books dutiable at 25 per centum ad valorem and not at the rates prescribed for such articles in paragraphs 1013, 1014, and 1021. The intention to accomplish any such result as that can not well be attributed to Congress and inasmuch as the term "book" is open to construction, we must hold that the goods imported are not books within the meaning of paragraph 1310 as claimed by the importer.

If the importation was made for the purpose of taking orders for merchandise and to serve the purpose of samples, section 308 of the Tariff Act of 1922 permits their importation, without the payment of any duty whatever, under bond for their exportation within six

months from the date of importation, and the importer should have taken advantage of that statutory dispensation.

The judgment of the Board of General Appraisers, now the United States Customs Court, must be *reversed*.

### CONCURRING OPINION

Hatfield, Judge, specially concurring: The merchandise was assessed for duty by the collector under paragraph 1013 of the Tariff Act of 1922. The only claim made in the protest was that it was dutiable at 25 per centum ad valorem under the provision for all other books not specially provided for, contained in paragraph 1310.

Having held in the case of *United States* v. *Field & Co.*, 14 Ct. Cust. Appls. 376, T. D. 42031, that merchandise of the same general character as this was not dutiable under the provisions of paragraph 1310 in question, because such provisions were intended to cover only such books as were "susceptible of authorship;" and that "a mere mechanical production such as the importations here is not, we think, susceptible of authorship as that word is used in the paragraph;" it follows that the merchandise in question is not dutiable as claimed in the protest; and that the judgment should be reversed.